UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LIL' JOE RECORDS, INC.,
a Florida corporation,

    Plaintiff,

v.

RICHARD GRIFFIN p/k/a
"PROFESSOR GRIFF", an
Individual,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Lil' Joe Records, Inc. ("Lil Joe Records"), sues defendant, Richard Griffin p/k/a "Professor Griff" ("Griffin"), for declaratory judgment, and in support alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under 28 USC § 2201, the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1501, *et seq.* This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because (i) a substantial part of the events or omissions giving rise to these claims occurred in this district, and (ii) a defendant is subject to this Court's personal jurisdiction with respect to the claims.

### PARTIES

3. Plaintiff, Lil Joe Records, is a Florida corporation.

4. Defendant, Griffin, is believed to be a resident of Georgia.

## BACKGROUND

5. Griffin, who goes by the stage name "Professor Griff", is a music artist.

6. Griffin was engaged as a songwriter and musical performer at the instance and expense of Luther Campbell and Skyywalker Records, Inc. ("Skyywalker Records"), who had the right to exercise creative control over the creations of Griffin pursuant to the Exclusive Artist Agreement dated December 5, 1989 attached hereto as "**Exhibit A**" (hereinafter the "Artist Contract"). At no time did Griffin obtain any ownership interest in his contributions, nor in the copyrights created and owned by Skyywalker Records, as the Artist Contract states that Griffin made those records as an "artist for hire." The recordings and compositions at issue are hereinafter called "Griffin's Prior Works."

7. In or about 1990 to 1991, Luther Campbell changed the company's name from Skyywalker Records, Inc. to Luke Records, Inc. ("Luke Records").

8. Luther Campbell owned and was an employee of Luke Records.

9. In or about 1995, Luther Campbell and Luke Records became the subject of bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida which were jointly administered in Case No. 95-12785 BKG-RAM (the "Bankruptcy").

10. Pursuant to the Joint Plan of Reorganization in the Bankruptcy, all of the copyright rights to Griffin's music, which pursuant to the Arist Contract was then owned by Luke Records, were sold and transferred to Lil' Joe Records and its owner, Joe Weinberger ("Weinberger") "free and clear of any and all liens, claims, encumbrances, charges, setoffs or recoupments of any kind", thereafter "no royalties, whether as artist, producer, writer, publisher, or in any other capacity, on any of the masters or compositions" are due to Luther Campbell or Luke Records, and Luther Campbell who released among other claims and persons, Lil' Joe Records and Weinberger for all

claims, including "for royalties to be paid in the future" as a result of this transfer. See Joint Plan of Reorganization attached hereto as **Exhibit B** (hereinafter the "Plan"); and Order adopting same which is attached hereto **Exhibit C** (hereinafter the "Order").

11. Further, consistent with the Plan and Order, Luke Records signed a copyright assignment, which granted, conveyed, and transferred all of its copyrights, including the copyrights written and recorded by Griffin to Plaintiff. See Assignment attached hereto as **Exhibit D**. ("the Assignment (hereinafter the "Assignment Contract").

12. Griffin was put on notice of all pleadings in the Bankruptcy Case.

13. At no time did Griffin file a claim in the Bankruptcy Case, asserting that he was entitled to or that he owned any of the works or copyrights at issue, nor did he object to the Plan or Order.

14. In accordance with the Order sale, since 1996 Lil' Joe Records exclusively owned and has exploited all of the copyright rights to Griffin's sound recordings and its related company, Lil Joe Wein', exploited Griffin's compositions (including Griffin's Prior Works. Lil Joe Wein did sell and transfer Griffin's compositions (but not his sound recordings) to a third party.

15. At all times relevant, Lil Joe registered his claim of exclusive ownership of the copyrights in and to Griffin's Prior Works, together with all other copyrights that Lil Joe acquired pursuant to the Plan and Order and Assignment Contract. The registrar of copyrights recorded the registrations.

16. Since 1995, Lil Joe has exploited the sound recordings to Griffin's Prior Works, except that on a certain date, Lil Joe sold the composition copyrights to a third party. At no time did any third party object or claim that Lil Joe or as to the compositions (Lil Joe's assignee) did not hold exclusive rights to Griffin's Prior Works.

17. On or about November 4, 2023, Griffin provided 2 notices that he was purporting to terminate his copyright grants in the work entitled "Pawns in the Game", SR 0000312633 pursuant to 17 U.S.C. §203, a true and correct copy of which is attached hereto as **Exhibit E** and hereinafter called the "Termination Notice #1,"…hereinafter called the "Work", and a second notice (on the same date) with respect to 14 PA copyright registrations, a true and correct copy of which is attached hereto as **Exhibit F** and hereinafter called Termination Notice #2 (and again regarding the work). Griffin claimed to have sufficient interest in the Work to legally exercise the rights of termination under the termination provisions of the Copyright Act. Said Termination Notice seeks to terminate the copyrights in the master recordings and compositions in the "Work," but no other copyrights. As demonstrated herein, Griffin legally does not have the right to do so, and Lil Joe is not the owner of the compositions to the work.

18. Plaintiff has retained the undersigned law firm and agreed to pay the resulting legal fees necessary to prosecute this action.

## COUNT I – DECLARATORY JUDGMENT (AS TO THE VALIDITY OF THE TERMINATION NOTICE)

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 hereof.

20. A bona fide dispute exists between the parties regarding the Defendant's legal rights to terminate the grant of copyrights in the Work in favor of Plaintiff pursuant to 17 USC §203.

21. An actual and present justiciable controversy has arisen and now exists between the parties as to Defendant's legal rights and ability to terminate the grant of copyright rights to the Work which have been transferred to and are owned by Plaintiff (but for its prior sale of the compositions) because, among other things, a) the requisite and proper notice has not been

provided, b) they were "works for hire" which cannot be terminated, c) Luther Campbell and Luke Record's bankruptcy orders extinguished any ability they might otherwise have to, d) Griffin, as a party to the Bankruptcy Case, did not object to the Plan; e) Griffin did not seek relief from the Bankruptcy Court as to the Order; and f) as to the compositions to the work, Griffin did not give any notice to the current owners of same.

22. The parties are in doubt about their rights with respect to the termination of the copyright rights to Griffin's Prior Works including the Work which have been transferred to Plaintiff (and as to the compositions) subsequently sold by Plaintiff.

23. There is a bona fide, actual, present, and practical need for the Court to declare whether Defendant can terminate the copyright rights to the Work which has been transferred to Plaintiff, whether Defendant properly terminated any of those rights as set forth in the Termination Notice #1 and/or Termination Notice #2, and, if so, which of those copyright rights may and have been terminated.

24. All conditions precedent to this action have been performed, waived, or have occurred.

WHEREFORE, Plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against Defendant, Richard Griffin, declaring that Defendant cannot or has not properly terminated the copyright rights to the Work as described in the Termination Notice #1 and/or Termination Notice #2, which have been transferred to Plaintiff and (and as to the sound recordings) are owned by Lil' Joe Records and, if any can be terminated, which of those copyright rights may and have been terminated, and granting all other relief this Court deems just and appropriate.

**WHEREFORE**, Plaintiff, Lil' Joe Records, Inc., demands judgment in its favor and against the Defendant, Richard Griffin, for injunctive relief, damages as to be determined pursuant

to 17 USC §504, attorneys' fees pursuant to 17 USC §505, and all other relief this Court deems just and appropriate.

February 20, 2024

                                    **WOLFE LAW MIAMI, P.A.**
                                    *Counsel for Lil' Joe Records Inc.*
                                    Latitude One Building
                                    175 SW 7th Street, Suite 2410
                                    Miami, Florida 33131
                                    Telephone: 305-384-7370
                                    Facsimile:  305-384-7371

                              By: ___*/s/ Richard C. Wolfe*___
                                    RICHARD C. WOLFE
                                    Florida Bar No. 355607